UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-CV-140-GNS

**CURTIS EDWARD ALVEY, JR.**                                                     **PLAINTIFF**

**v.**

**EQUAL EMPLOYMENT OPPORTUNITY OFFICE**                          **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* action initiated by Plaintiff Curtis Edward Alvey, Jr.  Upon review of Plaintiff's application to proceed without prepayment of fees, the Court finds that Plaintiff makes the financial showing required by 28 U.S.C. § 1915(a).  Accordingly, **IT IS ORDERED** that the application (DNs 3 and 6) is **GRANTED**.

A review of the complaint reveals that this Court lacks jurisdiction over the subject matter of the action, and the Court will dismiss the case.

**I.**

Plaintiff initiated this action by filing a form for a claim under the Federal Tort Claims Act (FTCA) and naming the "Equal Employment Opportunity Office" as the federal agency about which he is asserting a claim (DN 1).  As the basis for the claim, Plaintiff states the following:

> After a short visit with the Equal Employment Opportunity Office and explaing the crime in progress I was never presented with the chance file for Wrongful Termination and Discrimination in multiple work places.  Along with multiple contacts, emails, and phone calls I was never presented with the chance to defend my Constitutional Rights or alter the statement made by the Equal Employment Opportunity Office. Multiple emails and phone records will clearly provide my statement to be true.

Where the form asks the filer to state the nature and extent of the alleged injury, Plaintiff states the following:

> I have suffered severly since this incident.  Even losing a job (Zaxbys) that I was currently employed at during the inital intake at the Equal Employement Opportunity Office.  Since the accident I have contacted several FBI Agencies, the CIA, The United States Secret Service, The United States Marshalls Service, Local Law Enforcement Agencies and Court Houses.

Plaintiff also filed a complaint form for filing a civil case naming the "Equal Employment Opportunity Office" as the Defendant (DN 1-2).  Therein he states that the basis for this Court's jurisdiction is the FTCA.  As the statement of claim, Plaintiff asserts, "Along with multiple contacts, emails, and phone-calls I was never presented with the chance to be able to defend my civil rights thanks to the clear [illegible] of the corporations lack of care.  Multiple emails & phone records will clearly put them at fault."  He indicates that he is seeking monetary damages, as well as criminal charges.

Plaintiff additionally filed another complaint on a different complaint form again naming the "Equal Employment Opportunity Office" as the Defendant (DN 1-4).  As the basis for the Court's jurisdiction, Plaintiff states as follows:

> After multiple attempts to contact the Equal Employment Opportunity Commission to file a claim for wrongful termination & racial discrimination I had my rights neglected by the EEOC by not allowing me to continue along with the rights listed below.
>
> My Sixth Amendment, Eighth Amendment, First Amendment, Seventh Amendment, Ninth Amendment.

## II.

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519 (1972).  The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff.  *Clark v. Nat'l Travelers Life Ins.*

2

*Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute.").  "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006).  The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377.  Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

Plaintiff sues the "Equal Employment Opportunity Office[,]" which the Court construes as the Equal Employment Opportunity Commission (EEOC).  The EEOC, an agency of the federal government, cannot be sued absent a waiver of sovereign immunity. *See FDIC v. Meyer*,

510 U.S. 471, 475 (1994).  Plaintiff has failed to identify any such waiver that would permit him to bring suit against the EEOC for his allegations of wrongful handling of his employment discrimination claim.  Courts have repeatedly held that the United States has not waived sovereign immunity for suits against the EEOC based on the EEOC's handling of an employment discrimination charge.  *See, e.g.*, *Baba v. Japan Travel Bureau Int'l*, 111 F.3d 2, 6 (2d Cir. 1997) (per curiam) ("Title VII provides no express or implied cause of action against the EEOC for claims that the EEOC failed properly to investigate or process an employment discrimination charge."); *Ward v. EEOC*, 719 F.2d 311, 313-14 (9th Cir. 1983) (holding that "Congress did not expressly create a cause of action against the EEOC by employees of third parties," that no such cause of action would be implied, and that no review of the EEOC's actions was available under the Administrative Procedure Act); *Sanders v. Mich. Supreme Court*, No. 16-12959, 2018 U.S. Dist. LEXIS 30707, at *7 (E.D. Mich. Feb. 26, 2018) ("'Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence . . . in processing an employment discrimination charge.'") (quoting *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997)).

Moreover, Plaintiff cannot rely on the FTCA, 28 U.S.C. §§ 1346, 2671 *et seq.*, as a jurisdictional basis.  Before an action may be brought under the FTCA, an administrative claim must be presented to the agency employing the person whose act or omission allegedly caused the injury.  *See* 28 U.S.C. § 2675(a); *Dumas v. EEOC*, No. 12-13739, 2013 U.S. Dist. LEXIS 25118, at *4-5 (E.D. Mich. Feb. 25, 2013).  Presentation of the claim is a jurisdictional prerequisite to this suit.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).  Plaintiff does not allege in his complaint that he exhausted his administrative remedies prior to filing suit. Therefore, Plaintiff cannot rely on the FTCA waiver of sovereign immunity to bring his claim.

Finally, Plaintiff may not ask this Court to press criminal charges.  "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General."  *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965).  The Court does not have the power to direct that criminal charges be filed.  *Peek v. Mitchell*, 419 F.2d 575, 577-78 (6th Cir. 1970); *Fleetwood v. Thompson*, 358 F. Supp. 310, 311 (N.D. Ill. 1972).

Accordingly, Plaintiff has failed to establish that this Court has subject-matter jurisdiction over this action, and the Court will dismiss this action by separate Order.

Date:       September 22, 2020

Greg N. Stivers, Chief Judge
United States District Court

cc:      Plaintiff, *pro se*
         Defendant
4416.010

5